IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| STEVEN GENE JOHNSON,<br><br>              Petitioner,<br>vs.<br><br>U.S. DISTRICT COURT,<br>STATE OF MONTANA,<br><br>              Respondents. | CV 24-33-H-DWM<br><br>ORDER |

Petitioner Steven Gene Johnson ("Johnson"), a pro se petitioner incarcerated at the Lewis and Clark County Detention Facility, filed a hand-written document purporting to seek habeas corpus relief. (*See* Doc. 1.) As explained herein, the claims Johnson presents are unexhausted and are dismissed.

**I.   Motion to Proceed in Forma Pauperis**

Johnson also seeks leave of the Court to proceed in forma pauperis. (Docs. 2, 5.) Because Johnson has made a sufficient showing of his inability to pay costs associated with this action, he will be granted leave to proceed in forma pauperis.

**II.   Background**

Johnson was originally charged with Assault on a Peace Officer in Montana's First Judicial District, Lewis and Clark County. (*See, e.g.*, Doc. 4 at 4.)

1

Johnson's initial handwritten document was entitled "Legal Writ; Affidavit; Notice of Injunction." (Doc. 1.) The Court construed the filing as a request for habeas corpus relief. Because it appeared Johnson was a pretrial detainee at the time of filing, rather than a convicted state prisoner, he was directed to file an amended petition using the Court's standard 28 U.S.C. §2241 form. (Doc. 3.)

Johnson complied and timely filed his amended petition. (Doc. 4.) In the document Johnson alleges: (1) the state has violated his right to be free of double jeopardy and his right to due process in his prosecution; (2) his appointed counsel performed deficiently; and (3) defense counsel, the prosecution, and the district court judge conspired to deny him a fair trial. (*Id.* at 4.) The Court has independently reviewed the docket from Johnson's criminal proceedings, *see Tigueros v. Adams*, 658 F. 3d 983, 987 (9th Cir. 2011) (explaining that proceedings, orders, and filings in other courts, including state courts, are the proper subject of judicial notice when directly related to the case at issue), and has confirmed that a jury trial was held on March 21, 22, and 25, 2024, in the Lewis and Clark County District Court.[1] A sentencing in Johnson's case was originally scheduled for May 9, 2024, but was continued. He has not yet been sentenced. (*See* Doc. 4 at 1, ¶ 4.) Thus, while Johnston has been found guilty, a sentence and

---

[1] *See State v. Johnson*, Cause No. DC 25-2023-000465-IN. A copy of the state court docket sheet will be attached to this Order as an exhibit.

2

challenge unless the petitioner shows: (1) exhaustion of available state judicial remedies, and (2) "special circumstances" warrant federal intervention. *Carden v. Montana*, 626 F. 2d 82, 83-4 & n.1 (9th Cir.), *cert. denied,* 449 U.S. 1014 (1980); *see also Younger v. Harris*, 401 U.S. 37, 43\–54 (1971); *Samuels v. Mackell*, 401 U.S. 66, 68–74 (1971) (under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief absent extraordinary circumstances).

As set forth above, Johnson's state criminal proceedings are presently ongoing. Johnson previously attempted to obtain habeas corpus relief in the Montana Supreme Court and was advised that his claims were "more appropriate for direct appeal, not an original proceeding, such as [habeas corpus]." *Johnson v. Bragg*, OP 23-0665, Ord. at *1 (Mont. Dec. 5, 2023). Johnson's state habeas petition was denied and dismissed. *Id.* at *2. To the extent that Johnson presents cognizable federal claims to this Court, such claims are presently unexhausted.

Moreover, the exception for "special circumstances" is limited to "cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown is federal injunctive relief against state prosecutions appropriate." *Perez v. Ledesma*, 401 U.S. 82, 85 (1971); *Carden*, 626 F. 2d at 84. Johnson's general dissatisfaction with his state

4

proceedings, his opinion of counsel's performance, and his speculation regarding a purported conspiracy against him, are not the type of unusual circumstances that might justify an exception to *Younger* abstention. Johnson may attempt to obtain the relief he seeks via his pending state court proceedings or on direct appeal therefrom.

Johnson has not exhausted his state court remedies and his situation does not involve an adequately "unusual" circumstance. His § 2241 petition is therefore dismissed without prejudice.

## IV.  Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254 Proceedings. A COA should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). The claims Johnson attempts to present are unexhausted and do not meet the "unusual circumstances" exception to abstention. Accordingly, reasonable jurists would find no reason to encourage additional proceedings at this time. A

5

certificate of appealability will be denied.

Based on the foregoing, IT IS ORDERED that:

1. Johnson's Amended Petition (Doc. 4) is DISMISSED without prejudice.

2. The Clerk of Court is directed to file a copy of the state court docket in *State v. Steven Gene Johnson*, Cause No. DC 25-2023-000465-IN, as an exhibit to this Order.

3. Johnson's motions for leave to proceed in forma pauperis (Docs. 2, 5) are GRANTED. The Clerk of Court is directed to waive payment of the filing fee.

4. The Clerk of Court is directed to enter a judgment of dismissal.

5. A certificate of appealability is DENIED.

DATED this 30th day of May, 2024.

_____
Donald W. Molloy, District Judge
United States District Court